IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-75,555-01 & WR-75,555-03






EX PARTE RAUL GALLEGOS, JR., Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. CR-08-67 & CR-08-69 IN THE 216TH DISTRICT COURT


FROM BANDERA COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
manufacture of methamphetamine and sentenced to sixty years' imprisonment and possession of
methamphetamine with intent to deliver and sentenced to fifty years' imprisonment. The Fourth
Court of Appeals affirmed his convictions. Gallegos v. State, Nos. 04-08-00716-CR & 04-08-00718-CR (Tex. App.-San Antonio Feb. 10, 2010)(unpublished). 

 Applicant contends, inter alia, that these sentences violate the double jeopardy clause of the
U.S. Constitution. 

 Applicant has alleged facts that, if true, might entitle him to relief. Weinn v. State, 326
S.W.3d 189 (Tex. Crim. App. 2010). In these circumstances, additional facts are needed. As we
held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the
appropriate forum for findings of fact. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his convictions violate double jeopardy. The trial court shall also make any other findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: June 15, 2011

Do not publish